1844.

MATTER OF
RYDER.

are to be at liberty to file a cross bill for the purpose of a sale and foreclosure of the mortgaged premises.

## In the Matter of the Petition of Anthony H. Ryder, an Infant, &c.

A widow who has a life estate in property devised to her, (while her husband is alive,) cannot be compelled by this court to break into it or to apply the same towards the support of an infant child who will be entitled in remainder. Nor will the court order it out of such, his future estate.

*Jan. 2.*
*1844.*

*Tenant for life.*
*Parent and child.*
*Infant.*
*Maintenance aud support.*

Margaret Haff, by will, gave a life estate in all her real and personal property unto her daughter Sarah Ann, the then wife of William J. Ryder, the same to be for her own use and benefit, exclusive of her then present or any future husband; and, after her decease, the real and personal property itself was to go to her children absolutely. The estate was protected by a trustee.

The husband of this Sarah Ann, namely, William J. Ryder, died; and she married Daniel Richards. Among her children, at the time of such second marriage, was Anthony H. Ryder, an infant, over the age of fourteen years. He now presented a petition, by his next friend, setting forth the will of his grand-mother, Margaret Haff; the death of his father; his mother's second marriage; difficulties between him and his mother and step-father; that he had left their roof in consequence; and that, although her life estate netted about two thousand dollars a year and he had entered a lawyer's office as a student and required a reasonable support, yet, his mother had entirely neglected him of late. And he insisted, in his petition, that she was bound, by the law of the land, to maintain and support him decently and to educate him in a manner suitable to her condition in life and means, more especially as

she was made the recipient of the income of the estate bequeathed as aforesaid and which, from the terms of Mrs. Haff's will, he submitted it was fairly to be inferred the testatrix intended her daughter (his mother) should apply in part to the support of her infant children. *Prayer :* That the trustee of the estate pay to the petitioner, from time to time, such sums as should be convenient and necessary for his support, &c. or that such sums should be allowed to him out of his estate in remainder.

This petition was met by affidavit of the mother and her husband showing unkind and ungovernable conduct on the son's part.

Mr. *J. M. Martin,* for the petitioner.

Mr. *J. Dikeman,* contra.

THE VICE-CHANCELLOR :—Parents are bound to support their offspring during infancy. It is both a legal and a moral obligation which rests upon the mother as well as the father, when she happens to become the surviving parent and no other provision is made for the children.

If the children have an estate independent of the parent, whether it be father or mother, the court of chancery may and often does make an allowance out of their own estate for their support, in order to relieve the parent from the burden, especially when such parent is in moderate circumstances or unable to afford a suitable support. But here the petitioner and the other children of Mrs. Richards, late Mrs. Ryder, have no estate out of which a present support can be ordered, without the consent of the mother. Their estate is one in remainder merely with no immediate benefit or income to them. The mother has the use and income during her life as her own, to dispose of as she may please, without any trust or accountability for such income to any of her children. When the will was made and when it took effect, the father of the children was alive and the testatrix may have supposed that he would be able to do his duty towards them and, hence, did not provide that the property left by her to their mother for her separate estate

should be devoted, during her life time, to their support. The testatrix doubtless believed it would be so applied if it became necessary ; but this she was willing to leave to that mother's discretion, as a matter of maternal feeling which the court of chancery can have no jurisdiction over or right to control. None of the cases cited by the petitioner have gone this length.

If the mother, Mrs. Richards, should become desirous of having the capital of this estate broken in upon for the purpose of giving a necessary support to her children, her application might be granted within the principle of the *Bostwick Case*, 4 J. C. R. 100, and the class of cases there referred to. But, as the breaking in upon the capital would be to diminish her income, it cannot be done without her consent.

Neither can the alternative prayer of the petition be acted upon.

As to the legal liability resting on the matter at common law and by statute 1 R. S. 614, it is sufficient to say that the remedy to enforce it must be pursued in another court.

Order, dismissing the petition, with costs to be taxed and to be paid by the next friend.